# UNITED STATES BANKRUPTCY COURT
### Eastern District of California
### Sacramento Division

| | |
|---|---|
| In re Gurbakhsh S. Johl and Jasminder K. Johl, | Case No. 01-26314-A-7 |
| Debtors. | |
| In re Gurbakhsh S. Johl and Jasminder K. Johl, Plaintiffs, | Adv. No. 04-2356 |
| State Board of Equalization, Defendant. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant California Board of Equalization's[1] sole witness was the supervisor of the person who conducted the audit. The finding of fraud and the penalty assessed pursuant to that finding was based on sales figures which totally discounted any effort to realistically estimate the level of sales that existed for the audit period.

Because of what were deemed to be inadequate records and totally ignoring such factors as the impact on the store's sales caused by the closure of a large nearby military base, a reduction of daily sales hours from 24 to 12, and Mr. Johl's absence from the business for health reasons for one-half of the three year period covered by the audit, the defendant made a tax assessment and a fraud assessment based on a prior three year period where the noted factors did not exist. The fact that approximately one year after the audit period the business was simply closed–as opposed to being sold–further establishes that the level of sales activity had drastically declined.

---

[1] The defendant's counsel has used this name to identify the defendant.

No explanation was offered by the defendant as to why the strong factors supporting a reduced level of sales were ignored. Defendant's Exhibit A, a memorandum that recommended the application of the 25% penalty for fraud, states, "There have been no apparent changes to the business operation. The taxpayers do not have any explanation as to the reason for the large drop in taxable sales."

Even if a more responsible audit had made a reasonable determination of under reporting, there is no way of knowing if the amount of additional tax would have supported imposition of a 25% penalty for fraud. In addition, it would be unconscionable for this court to except from discharge a debt that clearly exceeds any amount the debtors would have owed had the audit not been so glaringly flawed.

Pursuant to the foregoing, the court finds that the claim of the defendant does not consist of a debt with respect to which the plaintiff debtors made a fraudulent return or willfully attempted in any manner to evade or defeat such tax. Accordingly, the court concludes that the debt owing from plaintiff debtors to the California Board of Equalization, is subject to the discharge granted in this case to the plaintiffs.

Dated: October 27, 2005

Brett Dorian
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

John Maxey
13 SierraGate Plaza #B
Roseville, CA 95678

Michael Cornez
PO Box 944255
Sacramento, CA 94244-2550

DATED: 10/28/05        BY: _Leticia Putnorski_
                           Deputy Clerk

EDC 3-070 (New 4/21/00)